IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SAFFOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19cv114-ECM-WC |
| ) | |
| MYRA K. McLEOD, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff, a *pro se* party, has filed a Complaint (Doc. 1) alleging breach of contract by Defendant. The District Judge has referred this matter to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. *See* Doc. 4. On May 9, 2019, the undersigned entered an Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and staying the case for an obligatory review of the Complaint pursuant to 28 U.S.C. 1915(e). Doc. 9.

Although this case is stayed, in Paragraph 22 of the Complaint, Plaintiff "seeks a [p]reliminary [i]njunction which orders defendant not to [r]epossess the Dodge Ram while these matters are pending before the court." The Court has construed this request as a Motion for Preliminary Injunction (*see* Dkt. Entry dated 02/08/19), and the undersigned will address it herein. Upon consideration of Plaintiff's motion and applicable case law, the undersigned RECOMMENDS that Plaintiff's Motion for Preliminary Injunction be DENIED, as set forth below.

I.  **Plaintiff's Factual Allegations**

Plaintiff allegedly entered into a contingency agreement with Defendant in connection with the publishing of a book to be written by Defendant. Doc. 1 ¶¶ 7–9. Pursuant to the alleged agreement, the parties purchased two automobiles from the Kia dealership in Dothan, Alabama, specifically, a 2016 Dodge Ram 1500 and a 2015 BMW X1 SUV, so Plaintiff could provide transportation services to defendant to attend social, religious, and business functions whenever requested by Defendant. *Id.* ¶¶ 12–14. Plaintiff claims the parties agreed that the vehicles would be purchased in Defendant's name, but Plaintiff would pay the down payments and be responsible for tags, insurance, and monthly car notes. *Id.* ¶ 13. According to Plaintiff, several months after the purchase of the vehicles, Defendant said she was "being contacted by someone at the finance companies (who held the notes to said vehicles) saying the monthly car-notes were delinquent" and that Defendant then "breached the [parties'] contract by having the BMW voluntarily re-possessed to Kia Motors Finance." *Id.* ¶¶ 17–18. Plaintiff now seeks a preliminary injunction that "orders defendant not to [r]epossess the Dodge Ram while these matters are pending before the court."[1] *Id.* ¶¶ 21–22.

II. **The Court Cannot Enjoin a Non-Party**

Although the undersigned is not entirely sure what Plaintiff means by alleging that *Defendant*, as opposed to the finance company, "voluntarily re-possessed" the BMW after the monthly payments were delinquent, it is clear from the Complaint that Kia Motors

---

[1] On November 8, 2018, Plaintiff was arrested and charged with first degree financial exploitation of the elderly. Doc. 1 ¶¶ 19-20; Doc. 6 ¶1.  The Defendant in this case is named as the victim in that criminal case, which is currently pending in the Circuit Court of Houston County, Alabama. Doc. 6 ¶¶ 2-3.

Finance, not the Defendant, took the BMW. *Id.* ¶ 18. Plaintiff has not adequately explained in his Complaint how the Defendant allegedly controlled whether the finance company repossessed the BMW or how she could control any future repossession of the Dodge Ram truck. That is a matter to be handled by the finance company based on whether payments are made in accordance with the vehicle loan. Plaintiff, then, is essentially asking this Court to prevent Kia Motors Finance – or possibly some other unnamed finance company, since Plaintiff's Complaint is unclear – from repossessing the Dodge Ram 1500.

However, a court may only enjoin parties before the court. *E.A. Renfroe & Co. v. Moran*, 338 F. App'x 836, 838–39 (11th Cir. 2009). Federal Rule of Civil Procedure 65(d), which governs injunctive relief, explicitly states that orders granting injunctive relief are only binding on "parties" to an action. *See* Fed. R. Civ. P. 65(d); *see also Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842–43 (11th Cir. 1995) (court lacks jurisdiction to issue preliminary or permanent injunction against non-party); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (stating that courts of equity "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it"). Because the finance company that loaned money for the purchase of the Dodge RAM 1500 truck is not a party to this lawsuit, this Court is without jurisdiction to enter an injunction against it.

### III.   Plaintiff Cannot Establish the Requirement of Irreparable Harm

Even if jurisdiction were not an issue, Plaintiff's request for a preliminary injunction would still warrant denial. To prevail on a motion for a preliminary injunction, a plaintiff

must show: "(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest." *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002)).  A failure to show any of the four factors is fatal, and a court need not consider the remaining conditions precedent to injunctive relief if a movant is unable to establish one of the factors.  *Car Fin. Servs., Inc. v. Lambert*, No. 18-CV-303-KD, 2018 WL 6431893, at *2 (S.D. Ala. July 11, 2018); *see also Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)) and *Johnson & Johnson,* 299 F.3d at 1247.

"A showing of irreparable harm is 'the *sine qua non* of injunctive relief.' ... An injury is 'irreparable' only if it cannot be undone through monetary remedies.  'The key word in this consideration is *irreparable.*  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" *Car Fin. Servs.*, 2018 WL 6431893, at *2 (quoting *Nw. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (emphasis in original)).

In this case, Plaintiff has not even alleged that he will suffer specific irreparable harm. He asks for "specific performance" or, alternatively, $100,000.00 in compensatory damages and $100,000.00 in punitive damages; thus, Plaintiff acknowledges that money damages will compensate him for any injuries resulting from Defendant's alleged breach of contract. Accordingly, the Plaintiff has failed to establish that his alleged injuries cannot be undone through money damages and that he will suffer irreparable injury unless the injunction issues.

## IV.   Conclusion

For the reasons set forth above, the undersigned recommends that Plaintiff's request for a preliminary injunction be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 3, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done this 20th day of May, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE