THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN SAFFOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19cv114-ECM-WC |
| | ) | |
| MYRA K. McLEOD, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Kevin Saffold, a *pro se* party, filed a Complaint (Doc. 1) against Defendant Myra K. McLeod alleging breach of contract. The District Judge referred this matter to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. *See* Doc. 4. On May 9, 2019, the undersigned entered an Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and staying the case for an obligatory review of the Complaint pursuant to 28 U.S.C. 1915(e). Doc. 9. The undersigned has reviewed this case and recommends that it be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

I.   **PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff claims he entered into a contingency agreement with Defendant in connection with the publishing of a book to be written by Defendant. Doc. 1 ¶¶ 7–9. Plaintiff did not file a copy of the alleged contract with his Complaint. Plaintiff asserts that, pursuant to the alleged agreement, the parties purchased two automobiles from the Kia dealership in Dothan, Alabama, specifically, a 2016 Dodge Ram 1500 and a 2015

BMW X1 SUV, so Plaintiff could provide transportation services to Defendant to attend social, religious, and business functions. *Id.* ¶¶ 12–14.  Plaintiff claims the parties agreed that the vehicles would be purchased in Defendant's name, but Plaintiff would pay the down payments and be responsible for tags, insurance, and monthly car notes.  *Id.* ¶ 13.  According to Plaintiff, several months after the purchase of the vehicles, Defendant said she was "being contacted by someone at the finance companies (who held the notes to said vehicles) saying the monthly car-notes were delinquent" and that Defendant then "breached the [parties'] contract by having the BMW voluntarily re-possessed to Kia Motors Finance." *Id.* ¶¶ 17–18.  On November 8, 2018, Defendant in this case contacted the Dothan Police Department and had Plaintiff arrested and charged with first degree financial exploitation of the elderly. *Id.* ¶ 19, Doc. 6 ¶3.

## II.     DISCUSSION

Plaintiff seeks specific performance of the parties' contract or, alternatively, $100,000.00 in compensatory damages and $100,000.00 in punitive damages.  He admits that the Defendant in this case is the victim in the state criminal case, that the criminal case is related to the allegations in his Complaint, and that the criminal case is still pending.  Doc. 6 ¶¶ 2–4.  Thus, the issue before the undersigned is whether this civil action should proceed while the state court criminal action is ongoing.

In *Younger v. Harris,* the Supreme Court instructed that the principles of equity, comity, and federalism support a long-standing public policy against federal court interference with state court proceedings. 401 U.S. at 44–45.  *Younger* applies if the ongoing state court proceedings fall into one of three categories of "exceptional" cases: (1)

criminal proceedings; (2) civil enforcement proceedings that are "akin" to criminal proceedings; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (quoting *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989)). If the state court proceeding does not fall into a category of exceptional cases, *Younger* abstention is not appropriate.

If the case does fall into one of the exceptional categories, a court must then analyze the three factors set forth in *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982): (1) whether the federal court proceeding will interfere with an ongoing state proceeding; (2) whether the state proceeding implicates an important state interest; and (3) whether the state proceeding provides an adequate opportunity to raise any federal claims. *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003); *Parris v. Taft*, 630 F. App'x 895, 898 (11th Cir. 2015). An essential part of the first *Middlesex* factor is interference; if there is no interference, abstention is not required. *31 Foster Children*, 329 F. 3d at 1276. In order to assess possible interference, courts examine the relief requested and the effect it would have on the state proceedings. *Id.* at 1274. "The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *Id.*

Based on the above case law and the facts before the Court, the undersigned recommends abstention pursuant to *Younger*. The case pending against Plaintiff in state court falls into one of the three "exceptional" categories, as it is a criminal prosecution for

3

alleged financial exploitation of the elderly.  Additionally, the three *Middlesex* factors are satisfied.  First, in this civil case, Plaintiff is asserting that he had a contractual right to purchase two vehicles in Defendant's name and then possess those vehicles.  Thus, any decision by this Court on the issues raised in Plaintiff's Complaint would significantly interfere with – and potentially undermine – the ongoing state criminal proceeding, which is based on Plaintiff's purchase of the vehicles.  Second, Alabama has an important interest in enforcing its laws and prosecuting violations of its laws. *See Roberts v. Buchanah*, No. 1:16-CV-4295-MHC, 2017 WL 5247943, at *3 (N.D. Ga. June 16, 2017) (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state interest in enforcement of criminal laws) and *Christman v. Crist*, 315 Fed. App'x. 231, 232 (11th Cir. 2009) (per curiam) (recognizing that ability to prosecute DUI charges is important state interest)). Third, Plaintiff has not identified any federal questions at issue in this lawsuit, and the undersigned is unaware of any federal questions applicable to this case that could not be adequately addressed in the state court proceedings.

When *Younger* applies, any claims for injunctive relief are properly dismissed.[1] *Wheat v. Pub. Defs. Office*, No. 5:15-CV-0294-MTT-MSH, 2015 WL 4877236, at *2 (M.D. Ga. Aug. 14, 2015) (citing *Gibson v. Berryhill,* 411 U.S. 564 (1973)). However, in cases involving claims for damages, as here, the common practice is to stay the federal proceeding until the criminal case has ended. *Wheat v. Pub. Defs. Office*, No. 5:15-CV-

---

[1] Plaintiff's Complaint sought a preliminary injunction; however, on May 20, 2019, the undersigned recommended that the request be denied because Plaintiff was seeking to enjoin the actions of a non-party and because Plaintiff failed to allege that he would suffer irreparable harm if the injunction did not issue. *See* Doc. 10.

0294-MTT-MSH, 2015 WL 4877236, at *2 (M.D. Ga. Aug. 14, 2015) (citing *Wallace v. Kato,* 549 U.S. 384, 394 (2007) and *Deakins v. Monaghan,* 484 U.S. 193, 194 (1987)). *See also Parris*, 630 F. App'x at 899 (citing *Doby v. Strength,* 758 F.2d 1405, 1406 (11th Cir. 1985) and finding no abuse of discretion when district court concluded that *Younger* abstention was appropriate because resolving defendant's claims that officers fabricated evidence and violated speedy trial rights would interfere with results of the state court criminal proceedings). Thus, it is appropriate to stay this federal proceeding pending final resolution of Plaintiff's state court criminal case.

### III. CONCLUSION

For the above reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be STAYED pending resolution of the related state criminal case proceeding;

2. That the Plaintiff be required to file a notice with the Court within fourteen days of the conclusion of the state court proceedings advising the Court of the outcome of the criminal proceedings; and

3. That the Clerk be DIRECTED to administratively CLOSE this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to this Recommendation **on or before June 7, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the

5

provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).  The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

DONE this 24th day of May, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE